a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARCUS T STRINGER #95301,<br>Plaintiff | CIVIL DOCKET NO. 5:22-CV-01339<br>SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WARDEN CADDO CORRECTIONAL CENTER,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254[1] filed by pro se Petitioner Marcus T. Stringer ("Stringer"). Stringer is a pretrial detainee at the Caddo Correctional Center in Shreveport, Louisiana. Stringer claims that he is receiving ineffective assistance of counsel and his right to a speedy trial has been violated. He seeks a release from jail and monetary damages.

Because Stringer's claim for money damages must be raised in a civil rights complaint and he has not exhausted the habeas claim, the Petition (ECF No. 5) should be DENIED and DISMISSED WITHOUT PREJUDICE.

---

[1]Petitioner purports to bring this action under § 2254. A pre-trial petition challenging ongoing state criminal proceedings, however, is properly brought under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F .3d 259, 262 (5th Cir. 1998) (construing petition seeking release from pending state criminal proceeding as brought under § 2241 rather than § 2254); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (same). Thus, the Court construes the petition as seeking relief pursuant to § 2241.

1

## I. Background

Stringer states that he has "been in jail for 13 months for nothing." ECF No. 5. Stringer does not provide what charges are pending, but he alleges that there is no victim and no witness. *Id.* Stringer asserts that he filed several requests for a speedy trial, which have gone unanswered, as well as a request for a bill of particulars. ECF Nos. 1, 5. Stringer also alleges that his attorney is "not doing his job." ECF No. 1. Stringer seeks a release from custody and $500,000 in damages.

## II. Law and Analysis

Federal law provides two distinct avenues to relief for claims related to confinement: the petition for writ of habeas corpus and the civil rights action for equitable or monetary relief. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas is reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement. *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

"Which statutory vehicle to use depends on the nature of the claim and the type of relief requested." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). The "core issue" is "whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

A petitioner may seek habeas relief under § 2254 to challenge the legality of a conviction or sentence, or under § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2254, 2241(c). Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "Simply stated, habeas is not available to review questions unrelated to the cause of detention." *Id.* at 935.

Stringer seeks, in part, monetary damages due to his prolonged detention. Such relief cannot be obtained through a habeas petition and must be sought through a civil rights complaint under 42 U.S.C. § 1983. *See Muhammad*, 540 U.S. at 750.

Stringer also requests release from custody due to the purported lack of evidence and violation of his right to a speedy trial. A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court. *Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Saucier v. Warden*, 47 F.3d 426, 1995 WL 71331, at *1 (5th Cir. 1995). The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id.*

A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The highest state court in Louisiana is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A). Therefore,

3

a Louisiana pretrial detainee generally cannot proceed to federal court unless he has first presented his claims to the Louisiana Supreme Court.

Stringer alleges that he filed a state habeas petition and various motions in the trial court, but he has not sought relief from the state court of appeals or Louisiana Supreme Court. ECF No. 1. Therefore, Stringer has not fully exhausted.

### III.   Conclusion

Because Stringer's claim for monetary damages must be raised under § 1983, and he has not exhausted his habeas claim, IT IS RECOMMENDED that the Petition (ECF No. 5) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, September 21, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE